Ray Shaban v. Commissioner.
Shaban v. Commissioner
Docket No. 32992.
United States Tax Court
1952 Tax Ct. Memo LEXIS 159; 11 T.C.M. (CCH) 682; T.C.M. (RIA) 52205; June 26, 1952
*159 James V. Will, Esq., and John C. O'Donnell, Esq., for the petitioner. James F. Kennedy, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions of 50 per cent for fraud under section 293 (b) as follows: 50% Penalty
Year
Deficiency
Sec. 293(b)
1944
$ 1,754.31
$ 877.16
1945
2,646.75
1,336.79
1946
2,976.68
1,388.34
1947
8,298.26
4,149.13
1948
10,815.27
5,407.64 The petitioner has conceded that the deficiencies were correctly determined and contests only the additions for fraud. Findings of Fact The petitioner filed individual income tax returns for the years 1944 through 1948 with the collector of internal revenue at Cleveland, Ohio. The petitioner was engaged in a number of activities from which he received taxable income during the years 1944 through 1948. These included the operation of a pool room, the renting of a pool room, the renting of a dwelling house, a restaurant, a numbers game, and gambling with dice. He did not keep any regular books of account or other adequate records of his income and expenditures during the *160 taxable years. The Commissioner, in determining the deficiencies, was unable to determine the income of the petitioner from any books or records maintained by him and was forced to resort to some other method. He determined the petitioner's income for each of the taxable years from the increase in his net worth during that year plus his living expenses. The following table shows the gross income determined by the Commissioner, the gross income reported by the petitioner, and the approximate percentage which the latter was of the former, for each year: Determined by the
Percentage
Year
Commissioner
Reported
reported
1944
$ 9,892.73
$3,442.30
35%
1945
12,832.68
4,484.83
35%
1946
15,000.73
5,853.54
39%
1947
25,567.88
5,044.60
19%
1948
31,987.10
6,532.81
20%
The return filed by the petitioner for each of the taxable years was false and fraudulent with intent to evade tax. A part of the deficiency for each of the taxable years is due to fraud with intent to evade tax. The stipulation of the parties, together with the exhibits attached thereto, is incorporated herein by this reference. Opinion MURDOCK, Judge: The evidence in *161 this case shows clearly and the petitioner in effect admits that the petitioner in each year failed to report a large amount of taxable income which he received in that year. His understatements of income were so large, so regular, and so frequent that they can not be attributed to mere inadvertance, neglect, or ignorance but must be attributed to a deliberate intention to defraud the government of the taxes lawfully due it. The excuses which the petitioner has offered are weak and unconvincing. An effort was made to show that he was such an ignorant and uneducated alien that his omission of large amounts of income was not with intent to defraud. However, the evidence shows that he was intelligent enough to operate several businesses successfully, including the illegal numbers business, and that he was keen enough to engage frequently and successfully in a dice gambling game. His affairs involved the handling of large amounts of money which he had no difficulty in counting and appreciating. Another excuse offered is that he did not realize that his winnings from gambling with dice were taxable. He reported at least a part of his winnings from the numbers game, which was a gambling *162 game, and we can not believe that he thought such winnings were taxable income whereas winnings from gambling with dice were not. Furthermore, it does not appear how much, if any, of his income was from gambling with dice. There is strong reason to believe that most, if not all, of the income which he failed to report was from the numbers game. The evidence as a whole has been carefully considered and it shows in a clear and convincing fashion that the petitioner knew he was understating his income and he did it to avoid the payment of the taxes which were lawfully due from him on that income. Decision will be entered for the respondent.